# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| TERRY WHATLEY, | :: | PRISONER CIVIL RIGHTS |
|    Plaintiff, | :: | 42 U.S.C. § 1983 |
| | :: | |
| v. | :: | |
| | :: | |
| PHIL D. MILLER, Douglas County | :: | CIVIL ACTION NO. |
| Sheriff; et al., | :: | 1:11-CV-2004-TWT-RGV |
|    Defendants. | :: | |

## ORDER FOR SERVICE OF REPORT AND RECOMMENDATION

Attached is the report and recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1) and this Court's Local Rule 72. Let the same be filed and a copy, with a copy of this order, be served upon plaintiff.

Plaintiff may file written objections, if any, to the report and recommendation within fourteen (14) days of receipt of this order. 28 U.S.C. § 636(b)(1). Should objections be filed, they shall specify with particularity the alleged error(s) made. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the district court and any appeal of factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the district court after expiration of the above time period.

**IT IS SO ORDERED** this 22nd day of August, 2011.

_Russell G. Vineyard_
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TERRY WHATLEY, | :: | PRISONER CIVIL RIGHTS |
|     Plaintiff, | :: | 42 U.S.C. § 1983 |
| | :: | |
| v. | :: | |
| | :: | |
| PHIL D. MILLER, Douglas County | :: | CIVIL ACTION NO. |
| Sheriff; et al., | :: | 1:11-CV-2004-TWT-RGV |
|     Defendants. | :: | |

### FINAL REPORT AND RECOMMENDATION

Plaintiff, Terry Whatley, presently confined in the Coastal State Prison in Garden City, Georgia, previously was granted in forma pauperis status in this pro se civil rights action. [Doc. 6]. The matter is now before the undersigned Magistrate Judge for a 28 U.S.C. § 1915A frivolity screening. For the reasons stated below, the undersigned **RECOMMENDS** that this action be **DISMISSED**.

### I.  LEGAL STANDARDS

Plaintiff brings this civil rights action against the defendants under 42 U.S.C. § 1983 ("§ 1983"). Federal courts are required to screen "as soon as practicable" a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  Section 1915A(b) requires a federal court to dismiss a prisoner complaint that either:  (1) is "frivolous,

malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

To state a claim for relief under § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy those requirements, or fails to provide supporting factual allegations, then the complaint is subject to dismissal for failure to state a claim. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that a complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action" (citations omitted)); see also Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1951-53 (2009) (holding that Twombly "expounded the pleading standard for 'all civil actions,'" to wit, conclusory allegations that "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "'across the line from conceivable to plausible'" (citations omitted)); Papasan v. Allain, 478 U.S. 265, 286

2

(1986) (accepting as true only plaintiff's factual contentions, but not his or her legal conclusions couched as factual allegations); Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992) (per curiam) (court is "not permitted to read into the complaint facts that are not there").

## II.  DISCUSSION

In the complaint, which plaintiff filed in June of 2011, and supporting brief, plaintiff alleges that between November of 2007 and April 17, 2008, Douglas County Jail officials and medical staff were deliberately indifferent to his serious medical needs. [Doc. 1, Attach.; Doc. 5].  A two-year statute of limitations applies to § 1983 actions filed in Georgia. Mullinax v. McElhenney, 817 F.2d 711, 715-16 (11th Cir. 1987).  "The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous." Clark v. State of Ga. Pardons and Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990); see also White v. Padgett, 475 F.2d 79, 82 (5th Cir. 1973) (When the expiration of the limitations period "clearly appears on the face of the complaint," the action is subject to dismissal for failure to state a claim.).  Plaintiff's complaint, filed more than three years after the alleged constitutional deprivation, is untimely.

3

### III.  CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that this pro se civil action be **DISMISSED** for failure to state a claim.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED**, this 22nd day of August, 2011.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

4